**Nathan R. Rietmann, OSB No. 053630**
Rietmann & Rietmann, LLP
1270 Chemeketa St. NE
Salem, Oregon 97301
E-mail: nathan@rietmannlaw.com
Ph: 503-551-2740
Fax: 1-888-700-0192

Attorney for TAJ Development Group, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In re PAUL HOOSON**, <br><br>  Debtor. <br><br> _____ <br><br> **TAJ DEVELOPMENT GROUP, LLC** <br><br>  Plaintiff <br>  v. <br><br> **PAUL HOOSON, AMY STEIGMAN, JOHN SATHER** <br><br>  Defendants | Case No. 15-32847-rld13 <br><br> Adversary Proceeding No. _____ <br><br> **COMPLAINT** <br><br><br> **EXPEDITED CONSIDERATION REQUESTED** |

Plaintiff TAJ Development Group, LLC ("Plaintiff") brings this action for declaratory and injunctive relief pursuant to Federal Rule of Bankruptcy Procedure 7001, stating as follows:

**JURISDICTION**

1.

This Court has jurisdiction over the claims raised in this adversary proceeding pursuant to 28 USC § 157 and § 1334.

Page 1  - COMPLAINT

2.

This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2).

3.

Plaintiff is a limited liability company duly formed and created under the laws of the State of Oregon on March 9, 2016. Tyler A. James Young is Plaintiff's sole member.

4.

Debtor Paul Hooson ("Defendant Debtor") is an individual domiciled in the State of Oregon and the debtor in the bankruptcy proceeding in which this adversary proceeding arises. At times material to this Complaint, Defendant Debtor owned real commercial property located at 8102 NE Killingsworth, Portland, Oregon 97833 (the "Property").

5.

Defendant Amy Steigman ("Defendant Steigman") is an individual domiciled in the State of Washington who also goes by the names Amy Ravagni and Amy Raffaelle. Upon information and belief, Defendant Steigman is approximately 43-years-old.

6.

Defendant John Sather ("Defendant Sather") is an individual, an active member of the Oregon State Bar, and an associate of Defendant Steigman. Upon information and belief, Defendant Sather is approximately 75-years-old.

**ALLEGATIONS COMMON TO ALL CLAIMS**

7.

Defendant Debtor filed his voluntary petition for Chapter 13 bankruptcy on June 10, 2015.

8.

On August 21, 2015, the Court entered its Order Confirming Plan (Docket #39). The Order requires Defendant Debtor to obtain permission from the trustee before transferring any real property with a value in excess of $10,000 outside the ordinary course of business.

9.

On September 11, 2015, Defendant Steigman caused Defendant Debtor to affix his signature to a bargain and sale deed purporting to transfer the Property to "TAJ Development, Tyler Young, President."

10.

On September 11, 2015, Tyler Young did not know Defendant Debtor and had no knowledge of the Property owned by Defendant Debtor. However, at that time, Mr. Young was acquainted with Defendant Steigman, who he knew by the name of "Amy Ravagni."

11.

On October 21, 2015, Defendant Steigman made Mr. Young aware of Defendant Debtor and the Property.

12.

By October 23, 2015, Defendant Steigman had convinced Mr. Young to join her in executing a purchase and sale agreement to purchase the Property from Defendant Debtor in consideration of $775,000.00. The purchase agreement listed a closing date of December 31, 2015.

13.

Although Defendant Steigman (using the name "Ravagni") and Mr. Young were the only two individuals to execute the October 23, 2015 purchase agreement, Mr. Young's

understanding when he executed the purchase agreement was that he, Defendant Steigman, and Defendant Sather were going to purchase the Property together, and that he would be responsible for one third of the capital contributions and one third of the liabilities.

14.

On November 23, 2015, Defendant Steigman caused the September 11, 2015 bargain and sale deed in favor of "TAJ Development, Tyler Young President," to be notarized.

15.

On December 1, 2015, Defendant Steigman caused the September 11, 2015 bargain and sale deed in favor of "TAJ Development, Tyler Young, President" to be recorded in the property records of Multnomah County, Oregon.

16

There was no entity by the name of "TAJ Development, Tyler Young, President" in existence at the times when the September 11, 2015 deed was executed, notarized, and recorded.

17.

Defendant Debtor executed the September 11, 2015 bargain and sale deed without trustee approval in violation of this Court's Order Confirming Plan (Docket #39), without the knowledge of his own attorney, and without reasonably equivalent value, let alone the $775,000.00 of consideration stated as the true and actual consideration on the face of the deed instrument.

18.

Defendant Steigman and Mr. Young did not close on the purchase of the Property by December 31, 2015 as required under their October 23, 2015 purchase agreement with Debtor, and the trustee never approved the transfer of the Property.

19.

Between October 23, 2015 and December 31, 2015, Defendant Steigman induced Mr. Young to make payments in excess of $100,000.00 in relation to the Property. These payments were primarily to keep Defendant Debtor's creditors from foreclosing on the Property and to pay for remodeling the building located on the Property. Defendant Steigman was inexplicably causing the building located on the Property to be remodeled when she had not yet purchased the Property. Mr. Young did not then appreciate or understand the abnormality of the situation, as he had no prior experience with real estate investment or bankruptcy and trusted Defendant Steigman.

20.

In January of 2016, Mr. Young decided not to purchase the Property with Defendants Steigman and Sather, because he had concluded that Defendants Steigman and Sather were defrauding and taking financial advantage of him (and he has since sued Ms. Steigman for fraud in Multnomah County Circuit Court Case No. 16CV08699). However, by this time, Defendants Steigman and Sather had induced Mr. Young to spend well in excess of $100,000.00 in relation to the Property, and Mr. Young had substantial damages to mitigate.

21.

On January 28, 2016, Mr. Young sought to mitigate his damages by filing documents with the Oregon Secretary of State to form TAJ Development, LLC to prevent Defendant from creating an entity by the name of "TAJ Development" and trying to claim ownership of the Property based on the September 11, 2015 bargain and sale deed.

22.

On February 11, 2016, Mr. Young sought to further mitigate his damages by entering into a purchase and sale agreement with Defendant Debtor to purchase the Property.

23.

On March 9, 2016, Mr. Young filed documents with the Oregon Secretary of State to duly form and create Plaintiff (TAJ Development Group, LLC), in which Mr. Young is the sole member.

24.

On March 10, 2016, Mr. Young assigned his purchase agreement with Debtor to Plaintiff.

25.

On March 16, 2016, Plaintiff closed the real estate transaction with Debtor in consideration of $684,000.00 with the approval of the trustee in conformance with this Court's Order Confirming Plan (Docket #39). A trust deed in favor of ReProp Commercial Solutions, LLC, a California limited liability company, was recorded on in Multnomah County, Oregon on March 16, 2016, and a statutory warranty deed conveying title of the Property to Plaintiff was recorded on March 17, 2016.

26.

Plaintiff's efforts to mitigate his damages have thus far proven unsuccessful. On March 15, 2016, just one day before Plaintiff closed on the purchase of the Property with the approval of the trustee in actual consideration of $684,000.00, Defendant Sather filed false documents with the Oregon Secretary of State, without Mr. Young's knowledge or permission. In these documents, Defendant Sather falsely claimed to be the registered agent and sole member of TAJ Development, LLC.

27.

Later that same day, on March 15, 2016, while falsely holding himself out as the sole member of TAJ Development, LLC, and falsely representing that TAJ Development, LLC held title to the Property, Defendant Sather executed a bargain and sale deed in favor of a then non-existent limited liability company by the name of TAJ Development Rose Room, LLC in consideration of $1.00.

28.

On March 16, 2016, the same day the trust deed in favor of ReProp Commercial Solutions, LLC was recorded, and one day before the statutory warranty deed in favor of Plaintiff was recorded, Defendant Sather filed organizational documents with the Oregon secretary of state to form TAJ Develoment Rose Room, LLC, listing himself and Defendant Steigman as the two members. Defendant Sather then recorded the March 15, 2016 bargain and sale deed in Multnomah County, Oregon.

29.

After Defendant Sather learned that Plaintiff had purchased the Property on March 17, 2016 for actual consideration in the amount of $684,000.00, Defendant Sather contacted Mr. Young/Plaintiff's lender, ReProp Commercial Solutions, LLC, and claimed to own the Property in an attempt to jeopardize Plaintiff's financing.

30.

At all times material to this action, Defendants Steigman and Sather have had actual knowledge of Defendant Debtor's bankruptcy proceeding and both actual and constructive knowledge of this Court's Order Confirming Plan (Docket #39).

31.

Defendants Steigman and Sather have more knowledge of bankruptcy procedures than the average person due to the fact that Defendant Sather is an attorney and Defendant Steigman has twice filed for bankruptcy, including a Chapter 13 bankruptcy.

32.

Defendants Steigman and Sather have more knowledge of the real estate law and practice than the average person due to the fact that Defendant Sather is an attorney and Defendant Steigman has a long and tumultuous history in the real estate industry.

33.

On April 4, 2016, Plaintiff commenced a Forcible Entry and Detainer ("FED") action (Multnomah County Circuit Court Case No. 16LT4191) in an effort to obtain possession of the Property from Defendants Steigman and Sather after purchasing the Property from Defendant Debtor.

34.

Defendants Steigman and Sather responded to that action by filing a separate quiet title action (Multnomah County Circuit Court Case No. 16CV11878) and a motion to stay the FED action pending resolution of the quiet title action.

35.

Defendants Steigman and Sather know that title disputes cannot be resolved through state court FED actions are intentionally making claims against the title of the Property to prevent Plaintiff from recovering possession of the Property in a timely manner through state court FED processes.

36.

Defendants Steigman and Sather know that Plaintiff incurred substantial debt to purchase the Property from Defendant Debtor.

37.

Defendants Steigman and Sather know that the longer they deny Plaintiff possession of the Property, the longer they will deprive Plaintiff of any income from the Property and that it will be difficult for Plaintiff to service the debt that has been incurred to purchase the Property without the ability to earn income from it.

38.

Defendants Steigman and Sather are engaged in an abuse of process and making claims of legal title to the Property in bad faith to prolong their possession of the Property, create financial hardship for Plaintiff, and thereby further their ongoing scheme to extract money from Plaintiff.

**FIRST CLAIM FOR RELIEF**

39.

Plaintiff re-alleges and incorporates paragraphs 1–38 herein.

40.

Plaintiff is being irreparably harmed by Defendants' claims of title and continued possession of the Property.

41.

Plaintiff has no plain, speedy, or adequate remedy at law.

//
//

## COUNT 1

42.

Plaintiff is entitled to a declaration that the bargain and sale deed apparently executed by Defendant Debtor on September 11, 2015 in favor of "TAJ Development, Tyler Young, President" is void, because the purported transfer occurred without trustee approval in violation of this Court's Order Confirming Plan (Docket #39), and the transfer was to a non-existent entity without giving reasonably equivalent value.

## COUNT 2

43.

Plaintiff is entitled to a declaration that the bargain and sale deed that Defendant Sather recorded on March 16, 2016, purporting to transfer the Property from TAJ Development, LLC to TAJ Development Rose Room LLC for $1.00, is void because the purported transfer occurred without trustee approval in violation of this Court's Order Confirming Plan (Docket #39) and TAJ Development, LLC had no title to transfer, due to the September 11, 2015 bargain and sale deed being void.

## COUNT 3

44.

Plaintiff is entitled to a declaration that TAJ Development Group, LLC purchased the Property from Defendant Debtor on March 17, 2016 for true and actual consideration of $684,000.00 with the approval of the trustee and that neither Defendant Steigman nor Defendant Sather contributed any part of the $684,000.00 consideration.

//

//

## COUNT 4

45.

Plaintiff is entitled to a permanent injunction ordering Defendants Steigman and Sather to immediately vacate the Property and enjoining Defendants from re-entering the Property without the written permission of Mr. Young.

## COUNT 5

46.

Plaintiff is entitled to a permanent injunction enjoining Defendants Steigman and Sather from making any claim or contention in any proceeding that is contrary to the declarations of this Court.

## SECOND CLAIM FOR RELIEF

47.

Plaintiff re-alleges and incorporates paragraphs 1–46 herein.

48.

Defendants Steigman and Sather's continued claims of title to the Property based on a purported transfer of the Property to a non-existent entity in violation of this Court's Order Confirming Plan (Docket #39) without giving reasonably equivalent value, in addition to Defendants' other misconduct as alleged herein and proven at trial, amounts to bad faith and an abuse of process.

49.

Pursuant to 11 USC § 105, this Court should exercise its inherent power to sanction Defendants Steigman and Sather by awarding Plaintiff's reasonable attorney fees, in addition to costs and disbursements.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Upon Count 1 of Plaintiff's First Claim for Relief, a declaration that the September 11, 2015 bargain and sale deed to "TAJ Development, Tyler Young, President," which was recorded in the records of Multnomah County, Oregon on December 1, 2015, is void.

2. Upon Count 2 of Plaintiff's First Claim for Relief, a declaration that any transfer subsequent to the bargain and sale deed recorded on March 16, 2016 purporting to transfer the Property from TAJ Development, LLC to TAJ Development Rose Room, LLC for $1.00 is void.

3. Upon Count 3 of Plaintiff's First Claim for Relief, a declaration that Plaintiff purchased the Property from Defendant Debtor on March 17, 2016 for true and actual consideration of $684,000.00 with the approval of the trustee and neither Defendant Steigman nor Defendant Sather contributed any part of the $684,000.00 consideration.

4. Upon Count 4 of Plaintiff's First Claim for Relief, a permanent injunction ordering Defendants Steigman and Sather to immediately vacate the Property and enjoining Defendants from re-entering the Property without the written permission of Mr. Young.

5. Upon Count 5 of Plaintiff's First Claim for Relief, a permanent injunction enjoining Defendants Steigman and Sather from making any claim or contention in any proceeding that is contrary to the declarations of this Court.

6. Upon Plaintiff's Second for Relief, an award of Plaintiff's reasonable attorney fees, together with costs and disbursements.

7. Any further equitable relief the Court determines just and proper based upon the totality of the circumstances.

DATED this 25th day of April, 2016.

        Respectfully submitted,

        RIETMANN & RIETMANN, LLP
        Attorneys for Plaintiff

        /s/ Nathan R. Rietmann
        Nathan R. Rietmann, OSB #053630
        1270 Chemeketa St. NE
        Salem, Oregon 97301
        503-551-2740
        nathan@rietmannlaw.com

        Trial Attorney: Nathan R. Rietmann